UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JON CHRISTOPHER BALLAY | CIVIL ACTION |
| VERSUS | NO. 14-2872 |
| SHERIFF MARLIN GUSMAN ET AL. | SECTION "J" (2) |

## REPORT AND RECOMMENDATION

At the time of filing this complaint, plaintiff, Jon Christopher Ballay, was a prisoner incarcerated in the Orleans Parish Prison system ("OPP").[1] He filed this complaint pro se and in forma pauperis pursuant to 42 U.S.C. § 1983 against Orleans Parish Sheriff Marlin Gusman, Secretary of the Louisiana Department of Corrections ("DOC") James LeBlanc, Jefferson Parish Sheriff Newell Normand, Richwood Correctional Center Warden Ray Hanson and David Wade Correctional Center Time Computation Specialist Brenda Acklin, alleging that he was being incarcerated beyond his sentence termination date because defendants had failed to give him credit for time served.  Record Doc. No. 1 (Complaint).

Specifically, plaintiff's complaint states in pertinent part:

> . . . J.P.S.O. Defendant Newell Normand, and Defendant Marlin Gusman, Sheriff of O.P.S.O., negligently and with deliberate indifference in C.D.C. Case No.'s 518-282 and 518-234, failed to transmit to the La. Dept. of Correction(s) the credit(s) for time served in both C.D.C. case(s), and the October 17, 2013 to March 17, 2014 24th J.D.C., Case No. 13-2388

---

[1] Ballay has not advised the court of any new or different more current address as required by Local Rules 11.1 and 41.3.1.

> 'Detainer Time' that prevented plaintiff from posting bond in OPP with Defendant Newell Normand only reporting that plaintiff served 72 days from March 17, 2014 to May 27, 2014 deliberately omitting the 24th J.D.C. 'Detainer Time' issue[d] in 24th J.D.C. Case No. 13-2388 violating plaintiffs plea-bargans (sic) in all case(s) and omitting 152 days of jail credits that have him currently incarcerated, and past his release date.
>
> On July 7, 2014, plaintiff received an official master prison record that erroniously (sic) omitted, or failed to record, or reflect accurately, or at all, the 152 days of credits for goodtime (sic) and O.P.P. credits in 24th J.D.C. Case No. 13-2388 that was the direct result of the detainer placed against his person on 10-17-2013 in Case No. 13-2388 upon his arrest in N.O.P.D. Item No. J-22978, C.D.C. Case No. 518-282.
>
> A motion to clarify the courts (sic) sentencing order(s) was heard in the 24th J.D.C. on Aug. 1, 2014 in 24th J.D.C. Case No. 13-2388 at which time the court <u>again</u> ordered that defendant was to receive credit for "<u>all time served upon the Jefferson Parish matter</u>." A copy of this order was provided to both D.O.C. authorities at Hunt Corr[ectional] Center, which defendant James Leblanc is in fact the supervisor, and a defendant in this matter, Brenda Acklin, Time Computation Specialist at D.W.C.C. also a named defendant, and Ray Hanson, Warden of Richwood Corr. Center, <u>all</u> to no avail.
>
> A long series of court motion(s), rulings, and filings involving the missing 152 days of credits have been filed, ruled upon, and are still pending in Orl[eans] Parish Case No. 518-234, 518-282, 24th J.D.C. Case No. 13-2388, the 5th Cir. Court of Appeal, the 4th Circuit Court of Appeal, and yet another A.R.P. filed upon the O.P.P. System that no official filing number has been assigned to.
>
> [This is] a matter that is narrowly one of deliberate indifference, negligence, and wanton failure to follow the courts orders in 24th J.D.C. Case No. 13-2388, and for all of the defendants to issue proper letters of incarceration, answer A.R.P.'s, or properly award time plea-bargained for, and agreed to by the State of La.
>
> My release from incarceration should have occurred on or about Sept. 18, 2014. I am being illegally held in DOC custody due to the wanton negligence of all defendants."

<u>Id.</u>, Statement of Claim, Attachment to ¶ IV at pp. 7-10.

In the relief portion of his complaint, in addition to "an immediate hearing" and appointment of counsel, plaintiff requests monetary damages in the amounts of "$1,000.00 per each day of wrongful incarceration," "$1,000.00 per each day of his suffering violations of his civil rights under the 5th and 14th amendments," and an order of the court securing his "immeadiate (sic) release and compensation," together with "any and all declaratory or injunctive relief awarded or deemed appropriate by the court." Id. (Complaint at ¶ V).

## ANALYSIS

I.   SCREENING AND STANDARDS OF REVIEW

A prisoner's pro se complaint for alleged civil rights violations must be screened by the court as soon as practicable after docketing, regardless whether it has also been filed in forma pauperis.  28 U.S.C. § 1915A(a); Lewis v. Estes, 242 F.3d 375, 2000 WL 1673382, at *1 (8th Cir. 2006); Shakur v. Selsky, 391 F.3d 106, 112 (2d Cir. 2004); Martin v. Scott, 156 F.3d 578, 579-80 (5th Cir. 1998).  Such complaints by prisoners and by others proceeding in forma pauperis must be dismissed upon review if they are frivolous or fail to state a claim upon which relief can be granted.  28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1); Shakur, 391 F.3d at 113; Carr v. Dvorin, 171 F.3d 115, 116 (2d Cir. 1999).

"A federal court may dismiss a claim in forma pauperis 'if satisfied that the action is frivolous or malicious.'"  Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994)

(quoting former 28 U.S.C. § 1915(d), now incorporated in 28 U.S.C. § 1915(e), as amended).  A complaint is frivolous "if it lacks an arguable basis in law or fact."  Davis v. Scott, 157 F.3d 1003, 1005 (5th Cir. 1998); Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994).  The law "'accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.'"  Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994) (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)).

"'A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist.'"  Davis, 157 F.3d at 1005 (quoting McCormick v. Stalder, 105 F.3d 1059, 1061 (5th Cir. 1997)).  "When a complaint raises an arguable question of law which the district court ultimately finds is correctly resolved against the plaintiff, dismissal under Rule 12(b)(6) is appropriate; however, dismissal under the section 1915(d) standard is not."  Moore v. Mabus, 976 F.2d 268, 269 (5th Cir. 1992).  An in forma pauperis complaint which is legally frivolous, fails to state a claim or seeks monetary relief against a defendant who is immune from such relief may be dismissed sua sponte at any time under 28 U.S.C. § 1915(e)(2).

In this case, plaintiff's Section 1983 complaint must be dismissed either under 28 U.S.C. § 1915(e) as legally frivolous because it is barred under applicable United States

Supreme Court law.[2] In addition, the habeas corpus aspects of plaintiff's claim should be dismissed without prejudice.

(A)     HECK BARS PLAINTIFF'S SECTION 1983 CLAIMS

Read broadly, Ballay's complaint seeks declaratory, injunctive and monetary relief. All such claims must be dismissed at this time under Heck v. Humphrey, 512 U.S. 477 (1994). In Heck, the Supreme Court held that a civil action for alleged civil rights violations that attacks the validity of state confinement, which has not been reversed, expunged, invalidated, or called into question by a federal court's issuance of a writ of habeas corpus, is not cognizable under Section 1983.

> [T]o recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

---

[2]The court must "liberally construe briefs of pro se litigants and apply less stringent standards to parties proceeding pro se than to parties represented by counsel," Smith v. Lonestar Constr., Inc., 452 F. App'x 475, 476 (5th Cir. 2011), cert. denied, 132 S. Ct. 1746 (2012) (quotation omitted); Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994), and I have done so in this case.

Id. at 486-87 (emphasis in original) (footnote omitted). Although the Supreme Court's decision in Heck concerned a civil action for monetary damages, the United States Court of Appeals for the Fifth Circuit has also applied Heck in cases in which the plaintiff seeks injunctive relief. Clarke v. Stalder, 154 F.3d 186, 189 (5th Cir. 1998) (en banc) (citing Edwards v. Balisok, 520 U.S. 641, 117 S. Ct. 1584 (1997)).

Plaintiff's claims are clearly connected to the validity of the subject confinement. Heck, 512 U.S. at 479 (Convicted prisoner's Section 1983 action for damages barred because it challenged the conduct of state officials who allegedly "'had engaged in an 'unlawful, unreasonable, and arbitrary investigation' leading to petitioner's arrest; 'knowingly destroyed' evidence 'which was exculpatory in nature and could have proved [petitioner's] innocence'; and caused 'an illegal and unlawful voice identification procedure' to be used at petitioner's trial."); Ruiz v. Hofbauer, 325 F. App'x 427, 431 (6th Cir. 2009), cert. denied, 130 S. Ct. 413 (2009) (Section 1983 claims were barred when convicted inmate alleged that defendants violated his civil rights "to maliciously prosecute plaintiff by tampering with 'Brady exculpatory evidence' and using the prosecutor's office and Michigan State Police to take that evidence and withhold it from palintiff [sic] during the course of the malicious prosecution."); White v. Fox, 294 F. App'x 955, 958 (5th Cir. 2008) ("If we were to find that prison officials altered and destroyed evidence relevant to the [disciplinary] charges against White, that judgment would necessarily imply the invalidity of his subsequent convictions and sentences on


those charges."); Penley v. Collin County, 446 F.3d 572, 573 (5th Cir. 2006) ("To the extent that the district court were to award Penley damages on his claim regarding the destruction of evidence and the loss of the opportunity for DNA testing, the validity of his conviction would be implicitly questioned.").

Ballay's complaint indicates that he pled guilty to various charges on March 14 and May 27, 2014, and that at the time of filing this complaint, he was in custody in OPP. Record Doc. No. 1 (Complaint at ¶¶ II, III. A., pp. 2-3; ¶ IV. pp. 6-7). There is no indication in any of Ballay's written submissions or through available independent research sources indicating that Ballay's confinement was set aside in any of the ways described in Heck.[3] Thus, any claims for relief that he asserts, challenging his confinement, are premature and must be dismissed under Heck. As the Fifth Circuit has noted, the dismissal of plaintiff's Section 1983 claims is with prejudice to their being asserted again until the Heck conditions are met. Johnson v. McElveen, 101 F.3d 423, 424 (5th Cir. 1996).

(B)     HABEAS CORPUS CLAIMS

As noted above, Ballay's complaint in part challenges the very fact and duration of his confinement in connection with his conviction. Although his complaint is styled as a civil rights action and was filed on a "Form to be Used by a Prisoner in Filing a Complaint Under the Civil Rights Act, 42 U.S.C. § 1983, he clearly challenges the

---

[3] However, Ballay was released by the Department of Corrections on January 16, 2015.

validity of his confinement and seeks his release.  This Section 1983 complaint is not the proper action in which to assert these habeas corpus claims.

A prisoner who challenges the very fact or duration of his physical confinement and who seeks judgment that would entitle him to release must pursue habeas corpus relief rather than civil rights relief under Section 1983.  Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); Clarke v. Stalder, 121 F.3d 222, 226 (5th Cir.), reh'g en banc granted & opin. vacated, 133 F.3d 940 (5th Cir. 1997), rev'd in part on other grounds & opin. reinstated in relevant part, 154 F.3d 186, 187 (5th Cir. 1998) (en banc); Caldwell v. Line, 679 F.2d 494, 496 (5th Cir. 1982).  Thus, although plaintiff filed this complaint as a Section 1983 action, his claims invoke habeas corpus type relief because they challenge the fact of his confinement and the validity of the charges against him.  Clarke, 121 F.3d at 226; Hernandez v. Spencer, 780 F.2d 504, 504 (5th Cir. 1986).

A fundamental prerequisite to federal habeas relief is the exhaustion of all claims in state court before requesting federal collateral relief.  Whitehead v. Johnson, 157 F.3d 384, 387 (5th Cir. 1998) (citing Rose v. Lundy, 455 U.S. 509, 519-20 (1982)); Nobles v. Johnson, 127 F.3d 409, 419 (5th Cir. 1997).  "A federal habeas petition should be dismissed if state remedies have not been exhausted as to all of the federal court claims."  Whitehead, 157 F.3d at 387 (citing 28 U.S.C. § 2254(b)(1)(A); Rose, 455 U.S. at 519-20)).

"The exhaustion requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the highest state court." Id. (citing Picard v. Connor, 404 U.S. 270, 275-78 (1971)). "A federal court claim must be the 'substantial equivalent' of one presented to the state courts if it is to satisfy the 'fairly presented' requirement. . . . This requirement is not satisfied if the petitioner presents new legal theories or new factual claims in his federal application." Id. (citing Picard, 404 U.S. at 275-78; Nobles, 127 F.3d at 420). A court may notice sua sponte the lack of exhaustion. McGee v. Estelle, 722 F.2d 1206, 1214 (5th Cir. 1984) (en banc).

In the present case, Ballay does not allege and there is no proof that he has exhausted his state court remedies in connection with his present incarceration. On the contrary, on the first page of his complaint, Ballay indicates that he has not "begun other lawsuits in state or federal court dealing with the same facts involved in this action or otherwise relating to [his] imprisonment." Record Doc. No. 1, Complaint at p. 1, ¶ I.A.

To exhaust his claims in the state courts, Ballay must exhaust administrative review of this claim under Louisiana's Corrections Administrative Remedy Procedure ("CARP"), La. Rev. Stat. § 15:1171 et seq., and the subsequent supervisory review of that procedure by all levels of the state courts pursuant to La. Rev. Stat. § 15:571.15.[4] Research by staff of the undersigned magistrate judge with the Orleans Parish Criminal Sheriff's Office, Department of Corrections and the Louisiana Supreme Court clerk's

---

[4]Madison v. Ward, 825 So.2d 1245 (La. App. 1st Cir. 2002).

office indicates that Ballay has <u>not</u> sought review of the validity of the subject confinement through the Louisiana Supreme Court. Accordingly, plaintiff's claims seeking habeas corpus relief must be dismissed without prejudice to require him to pursue state court appellate and post-conviction remedies concerning his criminal conviction, before returning to this court with a properly filed habeas corpus petition, if appropriate.

## RECOMMENDATION

For all of the foregoing reasons, **IT IS RECOMMENDED** that plaintiff's complaint asserting claims pursuant to 42 U.S.C. § 1983 be **DISMISSED WITH PREJUDICE**, either as legally frivolous, for failure to state a claim on which relief may be granted under 28 U.S.C. § 1915(e)(2), or under <u>Heck</u>.

**IT IS FURTHER RECOMMENDED** that all habeas corpus claims asserted in plaintiff's 1983 complaint be **DISMISSED WITHOUT PREJUDICE** to Ballay's ability to file a proper habeas corpus proceeding after exhaustion of state court remedies.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. <u>Douglass v.

United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) (citing 28 U.S.C. § 636(b)(1)).[5]

New Orleans, Louisiana, this ___23rd___ day of March, 2015.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

---

[5] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.